[Civ. No. 4126.  Second Appellate District, Division One.—November 20, 1924.]

## COMPTON-GARDENA MILLING COMPANY (a Corporation), Respondent, v. H. S. G. McCARTNEY, Appellant.

[1] SALES — ORDERS OF MERCHANDISE — AGENCY — INSTRUCTIONS — WAIVER—EVIDENCE.—Though the owner of a poultry farm instructed a concern not to charge to him any merchandise for the farm until he could see such concern or unless the latter got written instructions from him, nevertheless, he waived the benefit of his instructions and was liable for merchandise ordered by his agent and delivered to the farm after giving such instructions, where he was present at the farm on several occasions when deliveries were made, and the slips containing the charges or bills for the supplies were turned over to him by the agent as the latter had done before the owner gave said instructions.

[2] ID.—ALLEGED MISCONDUCT—ABSENCE OF ASSIGNMENT—APPEAL.— In an action to recover on an account for merchandise sold and delivered, the defendant cannot justly complain that the judge who tried the action exhibited at the trial a prejudice against him, and was guilty of misconduct, where no assignment of misconduct was made by defendant during the trial of the case with respect to anything said or done by the judge.

---

1. See 21 R. C. L. 930; 1 Cal. Jur. 771.

[3] ID.—MISCONDUCT—ABSENCE OF PREJUDICE.—In such action, the defendant did not suffer any prejudice from the alleged misconduct of the trial judge.

(1) 35 Cyc., p. 261.   (2) 3 C. J., p. 806, sec. 727.   (3) 4 C. J., p. 956, sec. 2937.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. Richardson, T. E. Parke and Anderson & Anderson for Appellant.

Frank R. Carrell for Respondent.

CONREY, P. J.—The defendant appeals from a judgment rendered against him on an account for merchandise sold and delivered to the defendant.

Appellant was the owner of a parcel of land on which there was an orchard of fruit trees. The premises also were used as a poultry farm. Some time during the year 1917 he placed on this farm as manager one Masterson. At the trial of this action it was claimed by appellant that Masterson was there as his tenant. He admits, however, that concerning Masterson's relation to the ranch "there is a balanced conflict of testimony." As the trial court, on that conflicting evidence, determined that Masterson was appellant's agent and manager, we must accept that as a settled fact of the case. [1] The merchandise in question was used as feed for the poultry. It was furnished from time to time on orders given by Masterson. In December, 1917, respondent sent to appellant a bill for the sum of $157.74 then due. Appellant replied by mailing to respondent his check for $150 to be credited on account, and together with said check sent a letter in which he said: "The chicken business is slow so do not charge anything to me from this until I can see your concern nor unless you get written instructions from me to charge same to me."

No written instructions were thereafter given by appellant. This, however, is not conclusive against respondent, since it must be admitted that such instructions as those

contained in the letter might thereafter be waived, without amended instructions in writing.

On orders placed by Masterson, additional items of grain, meal, etc., were delivered at the ranch from time to time during every month from December, 1917, to July 1, 1918, and charged to the defendant. These items, together with the unpaid balance of the original account above mentioned, constitute the sum for which judgment was given in this case.

Griffin, the agent of respondent who delivered these supplies, testified that on several occasions when he made the deliveries, appellant was present on the ranch. Masterson testified that appellant was present at the ranch on some of the occasions when the deliveries of supplies by respondent were made; that the "duplicate slips" containing the charges or bills for these supplies, which were left at the ranch by Mr. Griffin, were turned over by Masterson to appellant; "that was just as true after the date of this letter as it was before," with the exception that toward the last part of the period in question appellant did not come to the ranch as frequently as he had come during the previous months. Without setting out more details of the evidence, we think the evidence is sufficient to warrant the trial court in determining that appellant waived the benefit of the instruction contained in his letter, and by accepting the goods made himself liable as for goods sold and delivered to himself. It is admitted that no further payment was made by appellant after the $150 check of December, 1917, and the evidence proved without conflict that the goods in question were all delivered at the ranch under the circumstances above stated. It is a necessary conclusion that the evidence is sufficient to sustain the findings on which the judgment rests.

[2] Concerning the contention of appellant that the judge who tried the case exhibited at the trial a prejudice against appellant, and was guilty of misconduct, a sufficient answer would be that during the trial of the case no assignment of misconduct was made by appellant with respect to anything said or done by the judge. But we have examined the entire record with particular reference to the alleged prejudice and misconduct of the court. [3] Without necessarily commending everything that the court did, we are satisfied that the criticisms of appellant are very much over-

stated, and that certainly they do not furnish any ground for a reversal of the judgment.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.