[Civ. No. 5528. First Appellate District, Division Two.—March 13, 1926.]

E. FRANCESCHI, Respondent, v. P. NARDI et al., Appellants.

[1] PROMISSORY NOTES—PARTNERSHIP—ACCOUNTING—EVIDENCE.—In an action to recover on promissory notes given by defendants to plaintiff after the latter's retirement from a partnership between the parties, where plaintiff claimed that the amounts represented by the notes were based on an accounting made before his withdrawal from the partnership, and the defendants claimed that the rights of the parties were to be ascertained by an accounting to be had subsequent to plaintiff's withdrawal, a question addressed to one of the defendants' witnesses, "When did you finally determine whether there was any loss or profit upon the business in which he was interested, from the time he entered this business until the time he left—in other words, his copartnership business?" called for the conclusion of the witness and was immaterial; and assuming that the remark made by the trial court, to wit, "The only way that can be determined is by a reference," was a ruling, such ruling was not erroneous.

[2] ID.—PARTNERSHIP—BOND OF EMPLOYEE—CORRECTNESS OF RULING. In such action, where plaintiff was asked a question to the effect, whether or not a bond was prepared to be executed so as to protect plaintiff, while a member of the partnership, against an employee thereof, the ruling of the trial court that "I am inclined to think, although there has been no objection, that these matters concerning which you are interrogating the witness, are not germane to the issues," was correct.

[3] ID.—REMARK OF TRIAL JUDGE—PROPRIETY OF.—In such action, the remark made by the trial court while a witness was being examined, to the effect, "I think, assuming that there was a loss, it was not within the knowledge of the parties but more or less

anticipated," was proper and within the facts as contained in the record.

[4] ID. — CONSIDERATION — ACCOUNTING — ISSUES — FINDINGS — EVIDENCE—APPEAL.—In such action, the findings in favor of plaintiff upon conflicting evidence on the issues as to whether the notes in question were accommodation notes and without consideration and as to whether an accounting or settlement had been had between parties, will not be disturbed on appeal.

(1) 22 **C. J.**, p. 485, n. 83; 30 **Cyc.**, p. 619, n. 12. (2) 8 **C. J.**, p. 1020, n. 7; 38 **Cyc.**, p. 1332, n. 95. (3) 3 **C. J.**, p. 806, n. 79, p. 909, n. 81. (4) 4 **C. J.**, p. 883, n. 33.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Klein, Arthur H. Barendt and Alvin Gerlack for Appellants.

O'Gara & De Martini for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover the amount due on two promissory notes. The trial court made findings in favor of the plaintiff and the defendants appealed.

For several months prior to the first day of July, 1920, P. Nardi, his son-in-law, E. Franceschi, and F. Baccelli had been partners conducting a wholesale grocery business in San Francisco. On that date they agreed that the plaintiff might withdraw from the firm. Later, on the twenty-fourth day of July, 1920, he did withdraw. Following his withdrawal the two notes were given, one on September 27th and one on September 30, 1920. It was the contention of the plaintiff that the amounts represented by the notes were to be ascertained, and in fact were ascertained, by an accounting had and completed by Burt & Company, a firm of public accountants. The Burt accounting was completed on July 23, 1920. On the other hand, it was the contention of the defendants that the notes were accommodation notes

4. See 2 **Cal. Jur.** 921; 2 **R. C. L.** 204.

and that the settlement between the plaintiff and the defendants was to be based on an accounting to be had after the twenty-fourth day of July, 1920, and that by the agreement of the parties the dissolution would not be completed until such accounting was had and that the plaintiff would be liable for his share of the losses that might have been incurred between the date of his retirement and the completion of such subsequent accounting. No question is presented to the effect that the theory of each party was not sufficiently set forth in the pleadings. Among other things the trial court found that an accounting was had and a report thereof made to the plaintiff and defendants on the twenty-third day of July, 1920, and prior to the plaintiff's retirement; that that was the only accounting had between the partners; that plaintiff never consented to the taking of any other accounting; and that the plaintiff never promised or agreed to pay any losses which should be incurred in the said business after the date of his retirement.

As we understand the appellants, they claim that the trial court committed error by sustaining objections to the introduction of evidence to the effect that after the plaintiff retired from the firm it transpired that the firm had suffered heavy losses on certain uncompleted business ventures which were pending on the date that the plaintiff withdrew. Before proceeding it should be stated that there was not a particle of evidence in the record to the effect that any one of the contracting parties knew of any alleged loss at or prior to the dates on which the notes were executed. There was some evidence to the effect that at that time certain losses were anticipated.

[1] When Mr. Julius Nardi, a son of Mr. P. Nardi, was on the stand, the attorney for the appellants asked him: ''Q. When did you finally determine whether there was any loss or profit upon the business in which he was interested, from the time he entered this business until the time he left—in other words, his copartnership business? Mr. O'Gara: Now, if your Honor please, we object to that on the ground it is incompetent, irrelevant and immaterial. It involves a conclusion of the witness; the determination of loss or profit. . . . The Court: The only way that can be determined is by a reference.'' Assuming that the re-

mark made by the trial court was a ruling, such ruling was not erroneous. The question did call for the conclusion of the witness, furthermore it was immaterial. The plaintiff was claiming that he sold out on the basis of the Burt accounting. The question propounded was clearly not germane to that subject. The appellants were claiming that the rights of the parties were to be ascertained by an accounting to be had subsequent to the twenty-fourth day of July, 1920. If such an accounting was had then the question should have been addressed to that fact and not to secondary and tertiary facts connected therewith.

[2] While the plaintiff was a member of the firm a Mr. Torazani was employed. When the plaintiff was on the stand as a witness he was asked the question: "A bond was prepared to be executed so as to protect you against him, was it not? The Court (Intg.): I am inclined to think, although there has been no objection, that these matters concerning which you are interrogating the witness, are not germane to the issues." The ruling was clearly correct.

The question and ruling just disposed of brought forth a somewhat extended colloquy between the court and the respective attorneys. No question was propounded to a witness and consequently there was nothing to rule on. The court made some statements of fact, but no exception was taken to any one of the statements. Indeed, the remarks of the court were very conservative and seem to have been addressed toward the assistance of counsel.

[3] When Mr. Henry Nardi was being examined as a witness at one time the trial court remarked: "I think, assuming that there was a loss, it was not within the knowledge of the parties but more or less anticipated." That remark did not rule any objection; again no objection or exception was made to the remark; furthermore, the remark was altogether proper and within the facts as contained in the record.

[4] Asserting at all times that the notes were accommodation notes, the appellants contend they were without consideration; asserting that an accounting had not been had and no settlement had been had, they claim the respondent was liable for losses on business on hand. Those issues were fully presented and the evidence was conflicting.

The trial court made findings against the appellants. We may not disturb those findings.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.