[Civ. No. 4897. Second Appellate District, Division Two.—May 2, 1928.]

CHARLES H. GALE, Appellant, v. J. W. DIXON, Respondent.

530

Maynard F. Stiles and Caesar A. Roberts for Appellant.

Thomas T. Porteous for Respondent.

CRAIG, J.—The parties to this action entered into a contract in writing whereby appellant agreed to construct for respondent at the city of Riverside two bungalows and a

garage according to plans and specifications, and respondent agreed to pay therefor the sum of $6,900, as the work progressed, in three equal installments of $2,300 each. The buildings were completed, respondent paid the first two installments, and took possession, but declined to make the final payment on account of various alleged wilful or negligent violations of the contract through failure to comply with the specifications. This action was instituted for the recovery of the sum last mentioned.

The case was tried before the superior court, without a jury, and the trial court made findings from the evidence, enumerating 24 technical specifications, designated by letter from "a" to "x," inclusive. Twelve of these it found had not been complied with, and also that the defendant had been damaged thereby in the sum of $1,213; it further found that $140.90 had been paid in addition to the $4,600 admitted by the complaint, and that the amount remaining unpaid was $946.10. Conclusions of law were signed and filed, reciting that the plaintiff was entitled to judgment for this latter amount, and judgment was rendered accordingly.

Finding numbered IV recites: "That said defects were caused by the want of proper care and attention of the plaintiff and the workmanship was not first class, and the material used in the construction of said houses and garage is not first class, and defects, omissions and changes from the plans and specifications pervade the whole of said structures, and the plaintiff has not performed his contract as agreed, and he did not substantially perform same, or attempt honestly and in good faith to perform the same; the defendant did not accept said houses as being constructed in compliance with said contract."

The plaintiff made a motion for new trial on August 7, 1923, and on August 11th the defendant moved that the judgment be vacated, that judgment for costs be entered in his favor, that the plaintiff be denied any relief, and that the conclusions of law be amended to conform thereto. The latter motion was argued and submitted, and the trial court granted the same, striking out its former conclusions of law, "and substituting in lieu thereof the following: As a conclusion of law from the foregoing facts the court finds that the defendant is entitled to judgment, that the plaintiff

take nothing by his action, and that the defendant is entitled to recover of and from the plaintiff his costs of defense herein." Judgment was then entered in accordance with this latter ruling and conclusion.

The plaintiff appealed from the first judgment upon the ground, among others, that he should have been awarded the full amount demanded, less $140, and that the judgment was not supported by the evidence. He also appealed from the judgment last entered upon the ground that the trial court was without power to alter its conclusions of law and judgment, or to do more than grant a new trial, which the defendant did not request. It is insisted by appellant that the substituted judgment is void for the reason that conclusions of law may under such circumstances be modified or amended only to conform to the findings of fact, whereas, as amended, the conclusion above quoted is contrary to the findings.

It is the theory of respondent, and was stated by the trial court in granting the motion to vacate the original judgment, that a builder acting in good faith may recover the contract price, notwithstanding slight and trivial defects or deviations from the specifications, and is not held to a strict and literal compliance therewith; but that there is no legal basis for one acting in bad faith to recover either a reasonable value of the services or the contract price less the damages.

 The Code of Civil Procedure, in section 663 thereof, provides that a judgment of the superior court may be vacated and another and different judgment entered when the conclusions of law are incorrect or inconsistent with the findings of fact, and that in such event the conclusions of law shall be corrected and amended. It has been held that such a matter is properly reviewable in the trial court under said section, rather than by motion for new trial. (*Elizalde* v. *Murphy*, 11 Cal. App. 32, 39 [103 Pac. 904].)

Therefore, we proceed to inquire, first, as to whether or not the plaintiff, under the finding that he failed to attempt honestly and in good faith to perform his contract substantially in accordance with agreed plans and specifications, but having received about two-thirds of the contract price, is entitled to judgment for the balance; and, second, as to whether or not under the facts presented such finding is warranted by the evidence.

We think that if the finding in question be sustained, the trial court properly vacated the original judgment, and that the one which was substituted therefor, and the amended conclusions of law, must be upheld. It seems to be the established rule in this and many other jurisdictions that where a builder wilfully and without justification fails substantially to perform, though the owner cannot avoid availing himself of the benefit of partial performance because the labor and material are attached to his freehold, the contractor is not entitled to compensation, even though the owner may take possession of the incomplete structure. (9 C. J., p. 819, and cases there cited. Our supreme court, in *Connell* v. *Higgins*, 170 Cal. 541, 556 [150 Pac. 769, 775], quotes from 2 Elliott on Contracts, section 1607, as follows:

"A substantial performance must be established, in order to entitle the party claiming the benefit of the contract to recover; but this does not mean a literal compliance as to the details that are unimportant. There must be no willful or intentional departure, and the defects of performance must not pervade the whole or be so essential as substantially to defeat the object which the parties intend to accomplish. Whether, in any case, such defects or omissions are substantial, or merely unimportant mistakes that have been or may be corrected, is generally a question of fact."

 The court found in the instant case that through want of proper care and attention the plaintiff failed to furnish first-class materials or workmanship; that he did not substantially perform or attempt to perform his contract honestly or in good faith, and that the defects complained of pervaded the whole of said structures. The rule above stated was followed, and a judgment for an alleged balance, after partial payment, was likewise denied in each of the following cases: *Laidlaw* v. *Marye*, 133 Cal. 170 [65 Pac. 391]; *Merchant* v. *Hayes*, 117 Cal. 669 [49 Pac. 840]; *Lynip* v. *Alturas School District*, 24 Cal. App. 426 [141 Pac. 835].

It will be observed, however, that in those cases wherein all compensation was denied, the performance was not substantially complete or in compliance with the contract of the parties; there was a wilful and intentional departure, causing defects which were so essential, and so pervaded the whole structure, as substantially to defeat the object which the parties intended to accomplish.

A technical and detailed statement of the evidence in this case as to alleged omissions or departures from the plans and specifications is unnecessary. The defendant, a resident of Chicago, was not familiar with building, nor with building contracts, plans or specifications. While visiting in California he expressed a desire to build, and inquired as to the employment of a competent, experienced builder. The plaintiff was introduced as such by others for whom he had successfully and satisfactorily performed services of like character. The defendant attempted to draw his own plans, and thereafter, upon his return to Chicago, he forwarded to plaintiff additional plans, in the nature of blue-prints, and certain specifications. It appears from the plaintiff's testimony that some of the items consisted of improvements which were patented, and which the plaintiff could not legally make or use, except by purchasing them from the manufacturer; two coolers, or air ventilators, clothes closets and linen closets, were of slightly different dimensions from those specified; the plans called for three gables, whereas but two were furnished; shelving in the basements was omitted, the plaintiff says, by agreement; brick chimneys about four inches off center, were not specified at all, but the defect could be remedied at small expense; a cracked baseboard, hammer marks, rough bread boards, a glass knob missing, and other small items, constitute the sole basis of the finding, as facts, that there was not a substantial performance of the contract, that the defects and omissions pervaded the whole of said structures, due to a want of honesty and good faith on the part of the plaintiff.

From the whole record before us, it is apparent that the evidence does not support such a finding. The contract merely provided that Gale should "furnish all labor and materials for the erection and completion of two bungalows and garage house at 163 So. Monroe St., Riverside, Cal., according to plans and specifications as agreed for the sum of sixty-nine hundred dollars ($6900.00). Payments to be made in the following order, $2,300.00 when the buildings are roughed in, $2,300.00 when the plumbing and wiring is in and the buildings are plastered, $2,300.00 when completed." It appears that the plans and specifications were crude, requiring in some instances technical measurements which, owing to other considerations, were impossible; patented

articles which the contractor could not build were specified, and many of the items were trivial. From the meager nature of the written contract it was obvious, and the testimony tends to show, that much was left to verbal understandings between the parties, and to the judgment of the builder. The defendant took possession, and occupied the houses personally and by tenant for the period of about a year before complaint was made, at which time the defendant was prepared to make final payment if the plaintiff would make a few corrections. The plaintiff suggested that Dixon cause them to be made, and deduct the expense from the amount due, which the latter declined to do, and they have not been made, nor has the defendant, notwithstanding full use of the buildings, expended any amount for repairs thereon. It is not denied that Gale used every effort to perform his part of the contract to the satisfaction of Dixon, at an expenditure of about $800 more than the amount of the entire contract price. Certain of the omitted items were not specified as being required by the contract or plans, and in at least one instance an item charged against the plaintiff was, after much discussion and endeavor, constructed at the request and under the direction of defendant's wife.

As was said in *Connell* v. *Higgins, supra,* and other cases cited, a literal compliance as to all the details is not requisite to recovery. The object which the parties intended to accomplish was not defeated, or materially affected, by the deviations or omissions of which complaint is made. The trial court specifically detailed and found upon the evidence before it about twelve items upon which the parties seriously differed, and that an expenditure of $5 to $218 in various instances, aggregating $1,213, would compensate the defendant for his damage. We are not at this point concerned with the accuracy of the individual findings as to damages. It is sufficient to say that the plaintiff did not abandon the contract, nor did he display a lack of honesty or of good faith, such as is contemplated by the decisions, holding that in such cases the contractor is entitled to nothing. The buildings were fully completed, and the results of plaintiff's efforts, though not entirely satisfactory to the defendant, were accomplished by diligence, experience and the exercise of plaintiff's best judgment under the circumstances.

We think, therefore, that this finding was unwarranted, and this being so, the substituted judgment and amended conclusions of law are without foundation.

Appellant next contends that the evidence was not sufficient to support the findings as to certain deductions for damages alleged by the defendant, that he should have been awarded the full amount prayed, less $140, and that the judgment first rendered should be reversed.

Upon final submission of the case, the trial court announced from the bench in the form of an opinion certain deductions for defects or omissions for which it decided that respondent should be allowed damages, stating that judgment would be given in favor of the plaintiff for $1,006.10, but directed that the defendant prepare findings and judgment. The findings submitted by respondent's counsel varied in some respects, as to certain items, from those announced by the court, and as finally signed and filed the findings, conclusions and judgment awarded to the plaintiff the sum of $946.10. To these findings the plaintiff excepted, tendering other proposed findings, and thereafter moved for a new trial, which motion was not formally acted upon, but was denied by operation of law. The defendant, as already observed, moved the court that said judgment be vacated, and that judgment in his favor, for costs, be entered, which motion was granted.

It is but justice to the appellant to state that from the record before us it is obvious that he was confronted with a most complicated and difficult problem. There were various conferences between himself and respondent at which many of the details of the buildings were verbally agreed upon; no written specifications, other than mere typewritten notations of an admitted novice, were furnished; blue-prints, not drawn to scale, and drawings which simply approximated the measurements which he was required to follow, constituted all that he had before him as a guide, except a catalogue of ready-built houses containing pictures from which he was expected to gather ideas as to general design. Appellant testified that with these crude "specifications," rough drawings, the catalogue, and remembering to the best of his ability previous oral agreements, he constructed the bungalows and garage. There is a sharp conflict in the testimony, however, as to what was actually agreed upon, as to

what under ordinary circumstances is required by custom among builders, as well as concerning the amounts which should be allowed for negligent or inadvertent omissions in such cases. Appellant admits that items "n" and "o" may have escaped his attention, and as to ten other items the court found upon all of the evidence before it that whereas first-class workmanship and materials were promised, the inside finish and certain other features were not so furnished, and that the aggregate expense of reconstruction and refinishing in these respects was $1,213. The deductions allowed for the respective defects which the trial court found to exist were in many instances considerably less than those contended for by respondent and his witnesses, whereas appellant insisted that there was no agreement to furnish them as alleged, and that no charge should be made therefor. We think, however, in view of the fact that the major portion of the contract was verbal, and was left to the memory and judgment of appellant, the trial court doubtless with all of the evidence at hand considered the frailty of human recollection, and the irreconcilable conflicts between the memories and opinions of various witnesses. Under the facts and circumstances before us we cannot say as a matter of law that the court erred in its computations and in the conclusions which it reached concerning this phase of the case.

After the trial court announced judgment for the plaintiff and directed that findings be prepared accordingly, on the fifth day of July, 1923, plaintiff filed his memorandum of costs and disbursements. The findings and judgment were not signed and filed, however, until August 1, 1923. The defendant moved that the cost bill be stricken from the files, upon the ground that no judgment had been entered at the time the same was filed, which motion was granted. Section 1033 of the Code of Civil Procedure provides that the successful party must deliver to the clerk and serve upon the adverse party his memorandum of costs and disbursements within five days *after* notice of decision of the court. It has been held that the "decision" referred to by said section consists of the findings of fact and conclusions of law, signed by the court and filed with the clerk. (*Porter* v. *Hopkins,* 63 Cal. 53, 55; *Mullally* v. *Irish-American B. Soc.,* 69 Cal. 559, 561 [11 Pac. 215].) And that a

538

cost bill filed before the filing of the findings and judgment is premature, and will be stricken out. (*Sellick* v. *De Carlow*, 95 Cal. 644 [30 Pac. 795].) The order striking out the plaintiff's cost bill in the instant case was therefore not error.

The findings are amended by striking out the language of Finding IV herein quoted. The judgment entered October 10, 1923, is reversed. The superior court is directed to enter a judgment in accordance with the views herein expressed, being in effect a re-entry of the judgment of August 1, 1923, and the order striking out plaintiff's cost bill is affirmed.

Works, P. J., and Thompson J. concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 1, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1928.

All the Justices present concurred.