[Civ. No. 18979.   Second Dist., Div. Three.   Sept. 30, 1952.]

KENNETH KIRKPATRICK, Appellant, v. MARSHALL ADAMS SMITH et al., Respondents.

Warren White for Appellant.

Roger W. Young for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment awarding him $2,734.27, with interest, in an action against his coadventurer seeking monies due under a contract. The joint venture was unsuccessful, and the amount awarded plaintiff represents his share of the distributable proceeds after deduction of the loss sustained.

On November 12, 1947, plaintiff and defendant Marshall Adams Smith entered into a written contract to construct a house upon land owned by defendant, which, upon completion, was to be sold and the profits shared equally between them.   Plaintiff, a contractor, was to supervise and direct its construction, and defendant was to have charge of its sale. The agreed value of the land was $8,500.   A loan was secured

upon the land, and the proceeds used in constructing the house. It was agreed that if the proceeds were insufficient to complete the house, each of the parties would pay half of the amount necessary therefor. During the course of construction, plaintiff advanced $7,204.61, and defendant advanced $7,983.58 toward construction costs.

Paragraph 6 of the contract provides: "Neither party hereto shall be entitled to any wages or remuneration for services rendered hereunder, his sole compensation being his share in the expected profits, and in the event of loss the parties hereto shall each pay, and each hereby agrees to pay, one-half thereof. . . ."

Paragraph 8 provides that the proceeds derived from the sale of the property be used and divided as follows:

"First: to pay the costs and expenses of sale;

"Second: to pay the balance then due on said loan if the same has not been assumed by the buyer;

"Third: to repay to each party all advances made in connection with the erection and construction of said residence, on account of loan payments, interest thereon, taxes and other items necessary and paid by the parties and not repaid from the proceeds of said loan;

"Fourth: to pay to first party [defendant] the sum of $8,500.00, as and for the land above mentioned; and

"Fifth: the balance shall be divided equally between the parties; *provided,* however, that if said balance shall be less than $2,000.00, then and in that event the sum to be paid first party for said land shall be reduced by such sum that the amount paid second party [plaintiff] as his share of the proceeds from this venture shall be the sum of $1,000.00."

The property was sold for $32,000, a loss of $8,940.68. After repayment of the loan and miscellaneous expenses, the net proceeds from the sale amounted to $14,747.51, which sum has been retained by defendant. Plaintiff sued to recover $7,204.61, the amount advanced by him for construction costs, and an additional $1,000 alleged to be the minimum profit to which he was entitled under the contract.

In construing the contract, the trial judge stated there was no conflict between paragraphs 6 and 8, and that the former was controlling; that paragraph 6 not only provided each party pay half of any loss, but also that neither party should be paid for "services rendered hereunder, his sole compensation being his share of the expected profits"; that paragraph 8 provided for the distribution of the profits, and

that it was apparent therefrom the parties intended to include the agreed value of the land as a reimbursable item before dividing the profits, and there was no reason why it should not be included in computing the loss. Accordingly, he found that a total of $23,688.19 was expended in cash and property on behalf of the joint venture; defendant contributed $16,483.58, consisting of $7,983.58 cash and real property of the agreed value of $8,500; plaintiff contributed $7,204.61 cash; the venture sustained a loss of $8,940.68, and each party must bear half thereof, or $4,470.34. He concluded that plaintiff is entitled to $2,734.27 and defendant is entitled to retain the balance of $12,013.24.

Plaintiff urges that the trial court erred in computing the proportionate shares of the loss each party was to bear, arguing that paragraph 6 contains general provisions, while paragraph 8 contains specific ones in that it "sets out a step by step formula" to be followed in the event of a sale, and, being a specific provision, is controlling; that there was a sale, and under the "step by step formula" of paragraph 8 he is entitled to the $7,204.61 advanced by him before deduction of the $8,500. With this we cannot agree.

The liability of a joint adventurer for a proportionate part of the losses sustained by a joint venture is, of course, affected by the terms of the agreement between the partners. Unless their agreement fixes a different ratio, however, it is the general rule that they participate equally in the profits and losses, irrespective of any inequality in the amounts each contributed to the capital employed in the venture, with the losses being shared by them in the same proportions as they share the profits. (*Campagna* v. *Market St. Ry. Co.,* 24 Cal.2d 304, 308 [149 P.2d 281] ; *Griggs* v. *Clark,* 23 Cal. 427, 429; *Irer* v. *Gawn,* 99 Cal.App. 17, 24 [277 P. 1053] ; *Arnold* v. *Humphreys,* 138 Cal.App. 637, 643 [33 P.2d 67] ; *Parker* v. *Trefry,* 58 Cal.App.2d 69, 75 [136 P.2d 55] ; *Martter* v. *Byers,* 75 Cal.App.2d 375, 383· [171 P.2d 101] ; *Fitzgerald* v. *Provines,* 102 Cal.App.2d 529, 536 [227 P.2d 860] ; 14 Cal.Jur. pp. 760, 762, §§ 2, 3.) The principle is codified in section 15018 of the Corporations Code, as follows: "The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules: (a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and

surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits. . . .''

We find nothing in the terms of the contract which takes the case out of the general rule. The parties agreed to share equally not only the profits but the losses. There is no inconsistency between paragraphs 6 and 8. Clearly paragraph 8 pertains to and provides only for the distribution of profits. By its express terms, profits were to be measured only after repayment of all advances made by the partners including the agreed value of the land contributed by defendant. It is difficult to see how paragraph 8 permits of any other construction in view of the language of subparagraph ''Fifth'' that the ''balance'' be divided equally between the parties. The fact that the items are numerically set out is of no significance when the paragraph is read as a whole. Since there was no profit, but a loss, paragraph 8 is not controlling. By the terms of the contract, the losses were to be borne equally by the partners, no contingency being made for reducing the agreed value of the land contributed by defendant as was done in paragraph 8 in the event the ''expected'' profits did not exceed $2,000. In arriving at the loss sustained, it was proper to include not only the monies advanced by the parties but the agreed value of the tangible asset contributed to the venture by defendant.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.