[Civ. No. 22782.   Second Dist., Div. Two.   May 28, 1958.]

GEORGE MIALKOWSKY, Respondent, v. LOS ANGELES
TRANSIT LINES (a Corporation), Appellant.

860

David S. Smith for Appellant.

Alvin E. Honoroff, Bernard Echt and Leonard G. Ratner for Respondent.

HERNDON, J.—Defendant appeals from an adverse judgment on a jury verdict awarding plaintiff damages for personal injuries allegedly sustained as a result of plaintiff's fall while alighting from defendant's streetcar. Plaintiff testified that "[w]hen I stepped, the first step it was, the street car moved sharply and my feet slipped and I fell down."

It was defendant's theory that if plaintiff was injured as a result of a fall, the accident occurred after he had safely alighted from the streetcar. The operator of the car testified that nothing unusual occurred at or about the time, or at the place, as claimed by plaintiff. He had no recollection of any person falling from the car, nor did he remember talking to any such person. A Mrs. Krol testified that she went to plaintiff's home on business unrelated to the accident and that on the occasion of this visit plaintiff told her, and another person present, that after he had gotten off the streetcar he slipped and fell. However, a Mrs. Prismantas gave testimony tending to corroborate plaintiff's version that he fell in the process of alighting and that the operator talked to plaintiff at the scene of the accident.

Defendant does not question the sufficiency of the evidence to sustain the verdict, but contends that the trial court erred

(1) in making a prejudicial statement to a juror during the course of the *voir dire* examination; and (2) in giving and refusing certain instructions. Defendant asserts that by the trial court's remarks and by the instructions given, the jury was in effect instructed "that plaintiff was a passenger at the time he was injured" and thereby defendant's contradictory theory was "judicially obliterated."

During the *voir dire* examination, the court, in a preliminary statement to a prospective juror, remarked: "Now, I think the evidence will show that Mr. Mialkowsky was a passenger in the streetcar and that the streetcar jerked and threw him to the street outside of the streetcar. That he was a passenger at the time." At the time the quoted statement was made, counsel for defendant remained silent, voicing neither objection nor exception.

Conceding the impropriety of the court's statement, the error is unavailable to appellant as a ground of reversal. The remark was not so harmful that its adverse effect could not have been completely nullified by appropriate action taken at the time. In disposing of a very similar assignment of error, the Supreme Court stated the rule as follows in *Hughes* v. *Hartman*, 206 Cal. 199, 206 [273 P. 560]:

"An exception to an improper remark made by the trial judge during the trial of an action in order to avail the party claimed to have been injured thereby must have been taken by such party at the time the remark was made, or at some time thereafter and before the close of said trial (*Compton-Gardena M. Co.* v. *McCartney*, 69 Cal.App. 708 [231 P. 764]; *Franceschi* v. *Nardi*, 77 Cal.App. 78 [246 P. 130]). If thus taken an opportunity is given to the trial judge by an instruction to the jury or otherwise to cure the injury occasioned by such remark. This rule might not apply where the remark was of such a character that its prejudicial effect could not be cured by any subsequent action by the trial court. The remark of the court in the present action, of which complaint is made, is not of such character. Defendant, therefore, must be held to have waived any right to except to the action of the court in making the remark attributed to it, and quoted above, by his failure to object to the same during the trial of the action."

In *Lund* v. *Pacific Electric Ry. Co.*, 25 Cal.2d 287, 299 [153 P.2d 705], the same rule was applied in a case where (as appears from a dissenting opinion) the trial judge repeatedly

made comments far more prejudicial than that here complained of. To the same effect are: *Tossman* v. *Newman*, 37 Cal.2d 522, 526 [233 P.2d 1]; *Redwood City etc. School Dist.* v. *Gregoire*, 128 Cal.App.2d 766, 773 [276 P.2d 78]; and *Shivers* v. *Palmer*, 59 Cal.App.2d 572, 582-583 [139 P.2d 952].

Defendant's second assignment of error complains of the following instruction given at plaintiff's request: "At the time of the accident in question, the defendant, Los Angeles Transit Lines, was a common carrier operating a street car on which the plaintiff was a passenger for hire."

The substance of defendant's argument is that the effect of this instruction was to take away from the jury the very heart of defendant's case, namely, the factual contention that if plaintiff was injured in any fall it occurred after he had safely departed from the streetcar and after plaintiff's status as a passenger had been terminated.

Our analysis of the challenged instruction in the context of all the instructions given leads us to the conclusion that it could not have had the prejudicial effect that defendant would charge to it. In the first place, the instruction, at worst, may be regarded as ambiguous. In the second place, the record does not indicate that defendant requested any instruction appropriately worded to advise the jury as to the point at which plaintiff's status as a passenger was legally terminated.

In the third place, and most important, there is the inescapable fact that the jury was so instructed that it could not possibly have returned a verdict for plaintiff without consciously rejecting defendant's theory of the case. After defining negligence, contributory negligence and proximate cause, the court clearly outlined the issues to be determined. The jury was told:

"The issues to be determined by you in this case are these: First: Was the defendant negligent? If you answer that question in the negative, you will return a verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely: Was that negligence a proximate cause of any injury to the plaintiff? If you answer that question in the negative, plaintiff is not entitled to recover, . . ."

Following the quoted language the stock instruction continues to outline the issues raised by the plea of contributory negligence. Since the only act of negligence on the part of defendant that plaintiff relied upon, or could possibly have

relied upon, was the alleged act of suddenly starting the car before plaintiff had alighted, it seems too plain for argument that the jury could not have found for plaintiff without finding against defendant on this issue. So far as liability was concerned, most of the evidence was directed to this issue and we may assume that the arguments of counsel were similarly directed.

It is to be noted that the jurors were given the conventional instruction that it was their "exclusive province to determine the facts in the case, and to consider and weigh the evidence for that purpose." And in the next to the last instruction the judge told the jury:

"If during this trial I have said or done anything which has suggested to you that I am inclined to favor the claims or position of either party, you will not suffer yourself to be influenced by any such suggestion. I have not suggested, nor intended to express, nor have I intended to intimate, any opinion as to which witnesses are, or are not, worthy of belief; what facts are, or are not, established; or what inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it."

■ Finally, defendant complains of the refusal of the trial court to give a requested instruction identified as "No. B." Although we granted defendant's motion to augment the record by allowing the filing of a supplement to the reporter's transcript containing all the instructions given, as well as all other proceedings and papers which appellant then sought to have included, said requested instruction Number B remains conspicuously absent from the record. Nevertheless, by the process of ordering up the original file on our own motion pursuant to rule 12 (a) of the Rules on Appeal, we have ascertained that proposed instruction Number B reads as follows:

"If you believe from the evidence in this case that at the time plaintiff was alighting or had alighted from the defendant's streetcar, plaintiff failed to use the care and caution which an ordinarily careful and cautious person under the same circumstances would use, and as a result thereof, either made a misstep, tripped, or lost his balance and fell, then I instruct you that plaintiff was guilty of negligence. If you further believe that such negligence, if any, on his part proximately caused or contributed to his

injuries in the slightest degree, then, irrespective of whether you believe the defendant, Los Angeles Transit Lines, a corporation, and/or its streetcar operator, were negligent or not, your verdict must be against the plaintiff and in favor of the defendant, Los Angeles Transit Lines, a corporation.''

It is self-evident that the foregoing proposed instruction relates solely to the issue of contributory negligence. Defendant does not contend that the jury was incorrectly or inadequately instructed on this issue. Indeed, the only portion of this instruction that defendant quotes in his brief or that he urges as a harmful omission is the following portion of the prefatory clause: ''[I]f you believe . . . plaintiff . . . had alighted from the defendant streetcar, . . .'' The essence of defendant's argument on this point is that the giving of this instruction with the quoted introductory clause would have served the purpose of giving the jury ''an opportunity to find that plaintiff had completely alighted from the streetcar, was no longer a passenger thereon, and that certain rules therefor applied.''

Assuming that the prefatory clause of the refused instruction might have tended to serve the purpose claimed for it, we conclude that the refusal of the instruction was not erroneous. The italicized portion of the following instruction, given by the court on the doctrine of res ipsa loquitur was at least as well designed to serve the same purpose:

''*If, and only in the event, you should find that there was an accidental occurrence as claimed by plaintiff, namely, that the street car moved causing plaintiff to fall from the step of the street car on to the street,* and if you should find that from that accidental event, as a proximate result thereof, plaintiff has suffered injury, you are instructed as follows: an inference arises that the proximate cause of the occurrence in question was some negligence on the part of the defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference preponderates over contrary evidence it warrants a verdict for the plaintiff. . . .''

Viewing the instructions in their entirety, we think it would be entirely unreasonable to believe that the jurors could have doubted that it was their sole province to decide whether plaintiff was injured in the manner that he described in his testimony, or whether he had fallen after he had safely departed from the streetcar, as defendant contended.

We think the instructions made it perfectly clear that the court had not intended to express or intimate any opinion on any issue of fact, and that if any expression of the court had *seemed* to indicate an opinion relating to the facts, the jury was plainly instructed to disregard it.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied June 23, 1958, and appellant's petition for a hearing by the Supreme Court was denied July 23, 1958. Schauer, J., was of the opinion that the petition should be granted.