[S. F. No. 12275.   Department One.—January 4, 1929.]

JENNIE FRETZ HUGHES, Respondent, v. A. H. HART-MAN, Appellant.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellant.

Crawford & O'Neill, Peter F. Morettini and D. T. Jenkins for Respondent.

CURTIS, J.—The plaintiff, with her son and granddaughter, on the evening of July 16, 1925, was traveling in a machine, in an easterly direction along the Pacheco Pass highway in Santa Clara County. The son, Donald Hughes, was driving, and plaintiff, the owner of the machine, was occupying the front seat of the automobile with him. The granddaughter was in the back seat. At about 9 o'clock in the evening the machine in which plaintiff was riding had reached a point on said highway about twelve and one-half miles easterly from the city of Gilroy, and while so traveling on said highway, a large truck, proceeding along the highway in the opposite direction, approached plaintiff's automobile and forced it off the highway, down a slight declivity or embankment and over and against a barbed wire fence, which, besides injuring plaintiff's car, tore and lacerated her forearm so severely that her son was compelled to make a tourniquet with his handkerchief and later re-enforce this with a stringent application of his belt on the upper part of her forearm until a passing automobile arrived upon the scene of the accident, removed plaintiff and her son to his automobile and drove them back to Gilroy. Plaintiff instituted this action against the defendant, alleging that he was the owner and driver of the autotruck which forced her machine off the highway and down the declivity and against the wire fence. The action was tried before a jury, and a

verdict rendered for the plaintiff in the sum of $15,000. From this judgment the defendant has appealed.

Defendant moved for a nonsuit and also for a directed verdict, each of which was denied by the court. Upon this appeal the defendant makes the following contentions: (1) The trial court erred in denying the motion for nonsuit and in refusing to direct a verdict for defendant because the evidence was insufficient to justify or sustain the verdict. (2) The trial court erred concerning the admission of and refusal to strike evidence proffered by plaintiff. (3) The trial court in its instructions confused and misled the jury concerning the only issue upon which plaintiff relied for a verdict.

1. The first point made by defendant upon this appeal is in reality that the evidence is insufficient to justify or sustain the verdict. The evidence is practically undisputed that plaintiff's machine was crowded off the highway by a passing truck, and that plaintiff by reason thereof sustained serious injury. No question is made that the verdict is excessive. As before stated, the accident occurred about 9 o'clock at night. Neither the plaintiff, nor any of the occupants of the machine with her, could definitely identify the driver of the truck that crowded plaintiff's machine off the highway, nor could any of them identify the truck, nor did they or either of them at the time the truck passed them ascertain or learn the license number, or any number, carried by the truck. A witness, Francis A. Berry, however, testified that he met a truck on this highway as he was traveling easterly thereon; that after meeting said truck he proceeded easterly along the highway, a distance of about 200 yards, and found plaintiff's machine off the road and down the embankment. He was not able to identify this truck, nor its driver, nor did he observe or secure its license number at that time. Upon reaching the point where he found plaintiff's machine, he turned his own machine around, assisted plaintiff to a seat in it, and with the son of the plaintiff, started back to Gilroy for the purpose of securing for the plaintiff medical attention; that after he had gone about a mile he overtook a truck traveling westerly on the highway, and secured its license number, which number it was afterward ascertained corresponded with the license number of defendant's truck; that he saw no truck on the highway after

meeting the one about 200 yards from the scene of the accident until he met the truck bearing the license number of defendant's truck. The plaintiff, her son and granddaughter all testified that they saw no machine pass them between the time their machine was forced off the highway and the time they began their return trip to Gilroy in Berry's machine. The evidence further shows that the country through which the Pacheco Pass highway was laid was mountainous in character, and that the only lateral road leading from this highway, westerly from the point of the accident, was the San Filippe road, which was one and seven-tenths miles from the point of the accident. The defendant admitted that he passed over said highway the night of the accident and at the point on said highway where said accident occurred, but contended that it was earlier in the evening. He also testified that no such accident or any accident of any kind occurred to his truck during that trip. The license number of the truck, which was overtaken about one mile westerly from the scene of the accident, was also observed by the son of the plaintiff and later by the granddaughter who followed in another machine and who also overtook the truck as it traveled toward Gilroy. The evidence was sufficient to justify the jury in believing that the truck which Berry overtook and passed about one mile from the scene of the accident was the truck of the defendant, as its license number corresponded with that of defendant's truck. The plaintiff, her son and granddaughter all positively testified that no other truck passed them after the accident and before plaintiff began her return trip to Gilroy with Mr. Berry. The evidence further shows that there was no road leading away or from said highway between the point of the accident, and the point where defendant's truck was overtaken and its license number ascertained and secured. This evidence was unquestionably sufficient to justify and warrant the jury in believing and finding that it was defendant's truck which met and crowded plaintiff's machine from the highway, and was, therefore, the cause of plaintiff's injury. Defendant has advanced a number of arguments tending to discredit the evidence in behalf of plaintiff and to show that it is not of that substantial and convincing character as would justify the jury in believing and relying upon it. All of these we have duly considered. They are directed exclusively to the

weight of the evidence or to apparent contradictions therein. These were matters solely for the decision of the jury and their findings thereon will not be disturbed by this court.

2. The first error in the admission of evidence assigned by the defendant relates to the evidence of the son of the plaintiff, Donald Hughes. This witness was asked whether the defendant, Hartman, was the man who was driving the truck on that particular night. On replying that Mr. Hartman had been pointed out as the driver, he was further asked whether Mr. Hartman was in the courtroom, to which question the witness replied that, "He is sitting at the side of counsel." This evidence was clearly hearsay, and it was error to permit the witness to give evidence of facts of which he had no personal knowledge. At the same time its admission could not have seriously prejudiced the defendant in making his defense. His own testimony was that he drove his truck on the night in question. If, therefore, the truck of defendant was sufficiently identified as the truck which caused the injury to plaintiff, and we think it was, then by the defendant's own admissions he must have been the driver of "the truck on that particular night."

The claim is also made that the court erred in refusing to strike out the evidence of the witness Berry to the effect that he was nearly forced off the grade by the truck he met 200 yards westerly from the place where he found the plaintiff's machine off of the highway. This witness was asked how he came to hear plaintiff's cry for help, and replied, "I had slowed down because I had been nearly forced off the road by a truck." Thereupon the defendant asked to have stricken out the words, "I had been nearly forced off the road," which motion the court denied. Defendant contends that this evidence was incompetent, irrelevant and immaterial for the reason that this truck was not connected with the truck involved in the accident, and evidence that it was traveling along the center of the road when the witness Berry first passed it, might be taken by the jury as some proof that the defendant at the time of the accident was also driving his truck along the center of the road. The difficulty with this argument is that it assumes that the truck mentioned by the witness Berry was not connected with the truck involved in the accident. As we have before observed there was sufficient evidence to justify the jury in believing

that this truck was the one which crowded plaintiff's machine off the highway. If the jury so believed then the evidence of the witness Berry, sought to be stricken out by defendant, might rightfully be considered by the jury as some proof that defendant was taking more than his share of the road as he passed the point on the highway where the accident happened.

The further contention is made that the court erred in permitting the witness George Lorentzen to testify to certain tracks presumably made by plaintiff's machine as they appeared along the southerly edge of the highway and then "they got closer and closer until they got here (indicating) and then they dropped off and went down to the fence." This witness reached the scene of the accident about 11:30 that night, and defendant claims that as the evidence showed that a large number of machines passed over the point in the highway where the accident happened, between the time of the accident and the time when the witness Lorentzen appeared upon the scene, the evidence of this witness as to the location of these automobile tracks was improperly admitted and prejudicially affected the rights of defendant. We think there is no merit in this contention. While there was evidence that many machines passed over this point on the highway during the time intervening between the accident and the arrival of the witness Lorentzen, there was no evidence that any machine other than plaintiff's went over the embankment at the point on the highway to which the evidence of this witness relates. The evidence of the witness Lorentzen was properly admitted.

Appellant complains that he was seriously prejudiced by a remark of the court made during the trial, and when one of the respondent's counsel was interrogating the witness Donald Hughes as to whether any other truck passed the scene of the accident between the time the accident occurred and the time when they overtook defendant's machine and secured its number. The remark objected to was evidently made to counsel for respondent and was as follows: "Well, you have got the man that did it." The court was no doubt referring to the defendant in this remark. Conceding this remark to have been improperly made, it appears from the record that no objection was taken to it at the time by defendant, nor was any request then or ever made of the court

to instruct the jury to disregard the same. In other words, defendant remained silent, without objection or exception to the remark as thus made, and the complaint that he was injured and prejudiced thereby is now made for the first time in this court. ██ An exception to an improper remark made by the trial judge during the trial of an action in order to avail the party claimed to have been injured thereby must have been taken by such party at the time the remark was made, or at some time thereafter and before the close of said trial (*Compton-Gardena M. Co.* v. *McCartney,* 69 Cal. App. 708 [231 Pac. 764]; *Franceschi* v. *Nardi,* 77 Cal. App. 78 [246 Pac. 130]). If thus taken an opportunity is given to the trial judge by an instruction to the jury or otherwise to cure the injury occasioned by such remark. This rule might not apply where the remark was of such a character that its prejudicial effect could not be cured by any subsequent action by the trial court. The remark of the court in the present action, of which complaint is made, is not of such character. Defendant, therefore, must be held to have waived any right to except to the action of the court in making the remark attributed to it, and quoted above, by his failure to object to the same during the trial of the action.

██ 3. The third ground upon which the defendant bases his appeal from the judgment herein concerns the instructions given by the court to the jury. It is claimed by appellant that the court confused and misled the jury concerning the only issue upon which plaintiff relied for a verdict. As already stated, the only act of negligence which the plaintiff charges against the defendant is that the latter drove his truck along said highway in such a careless and negligent manner as to force plaintiff's machine off the highway and down the declivity or embankment. There was no attempt made by plaintiff to prove any other act of negligence on the part of the defendant. The court properly instructed the jury upon the issue made by the pleadings involving this claim of negligence. The court further instructed the jury as follows:

"II. Plaintiff claims that the injuries were received and sustained by her as a result of the careless and negligent operation and driving of the truck by defendant A. H. Hartman."

"VII. I instruct you that the Motor Vehicle Act (Stats. 1923, p. 553, sec. 113, subd. a), of this state provides that 'any person driving a vehicle on the public highways of this State, shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, having due regard for the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person.' "

"X. The Motor Vehicle Act of this State also provides that the driver of a motor vehicle traversing defiles, canyons or mountain highways shall hold such motor vehicle under control and as near the right hand side of the highway as reasonably possible, and shall not permit such vehicle to coast, and upon approaching curves where the view is obstructed within a distance of two hundred feet along the highway shall give an audible warning with a horn or other warning device."

"XI. I instruct you that the violation of a statute or law of the State of California is negligence *per se*. By this is meant that where one violates a statute or law regulating an action or course of conduct he is guilty of negligence, and if damage or injury is solely and proximately caused to another by reason of such violation of a statute or law then the violator of such statute or law is responsible for his act."

"XII. If, therefore, you find that defendant, A. H. Hartman, violated the statute of this State in relation to the operation of motor vehicles on public highways, then such violation of the statute is negligence *per se,* that is to say, negligence by and of itself."

"XIII. If you find the injury resulted directly and proximately to plaintiff as a result of such violation of the statute, the person violating such statute is liable for such injury as may arise from such violation of such statute, unless the person injured has been guilty of contributory negligence which was a proximate cause of such injury."

"XV. I instruct you that even if the provisions of the Motor Vehicle Act of the State of California were not violated, it is for you, under all the conditions and circumstances of the case, to say whether or not a party is negligent. But when a provision of the Motor Vehicle Act is violated the law conclusively presumes negligence *per se,* It is there-

fore a question of fact for you to decide whether or not any provision of the Motor Vehicle Act of the State of California was violated, and if you find that it was violated then you must find negligence as a matter of law.''

It is defendant's contention that these instructions were not pertinent to any issue made by the pleadings; that it was error for the court to give them to the jury; and that by the giving of them the jury was confused and misled concerning the only issue upon which the plaintiff relied for a verdict. That the instructions as a whole were much broader than the issues embraced within the pleadings must be conceded. Plaintiff makes an attempt to show that in addition to the specific charge of negligence, wherein it is alleged in the complaint that the defendant failed to give sufficient room on the highway for plaintiff's machine to pass, the complaint also contains a general allegation of negligence as to the manner in which the defendant drove his truck on said highway on the evening of the accident. We hardly think the complaint is susceptible of such a construction. It is quite evident that the case was tried upon the theory that the only negligence charged against the defendant was that he failed to properly give way and give one-half of the highway to the automobile approaching on his left, in which plaintiff was riding. All of the evidence tending to prove defendant's negligence was directed to this one specific charge of negligence. We must agree, therefore, with defendant in his contention that the instructions complained of were without the issues made by the pleadings, and that the court erred in giving them to the jury. We are not satisfied, however, that any material injury was sustained by the defendant by reason of the giving of these instructions. It is true that they referred to acts of negligence other than that alleged in the complaint. But the act of negligence alleged in the complaint—the failure of the driver of the truck to give to plaintiff one-half of the highway, was sustained by so clear and convincing proof that there could not have been any possible doubt in the minds of the jury as to the truth of such allegation. In fact, there was no dispute as to the claim of plaintiff that her machine was crowded off the highway by the driver of the truck. The only real controversy during the whole trial, so far as the facts of the case were concerned, was as to the identity of

the driver of the truck. If the jury was satisfied that the defendant was such driver then the only verdict it could have rendered under the evidence was one in favor of the plaintiff. The instructions complained of, therefore, could have had but little, if any, weight at all with the jury in determining any of the issues submitted to them. We do not think they could possibly have had the effect attributed to them by the defendant—that of confusing the jury concerning the specific charge of negligence made against him by the complaint, for the reason that the only element of this specific charge of negligence which was in serious controversy during the trial was whether it was defendant's truck that caused the injury to plaintiff, and these instructions did not in any manner refer to nor involve this element of the charge. They could not, therefore, have caused any confusion in the minds of the jury in determining whether or not the defendant was guilty of this specific charge of negligence made against him. The instructions, therefore, conceding the same to have been erroneously given, did not seriously or at all prejudice the rights of the defendant.

We find no error in the record that would justify a reversal of the judgment, and for that reason the judgment is affirmed.

Seawell, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices concurred.