[Civ. No. 6652. First Appellate District, Division Two.—April 2, 1929.]

MARGARET I. PEARCE, Appellant, v. ALBERT ELBE, Respondent.

Daniel A. Ryan and George F. Snyder for Appellant.

J. Hampton Hoge for Respondent.

KOFORD, J.—Plaintiff sued for damages for personal injuries received in a collision between an automobile driven by the defendant and one driven by her husband in which she was riding. Trial was by jury and the verdict was for defendant. Plaintiff appeals and assigns as error the giving and refusing to give certain instructions to the jury.

The details of how the collision occurred were differently described by different witnesses. Some placed it at the intersection of Old Homestead Road and the State Highway and others placed it thirty or forty feet north of that point. The chief point relied upon by appellant is the refusal of the court to give any instruction upon the doctrine of last clear chance. To show how this doctrine can be invoked by her, appellant relies upon the version of the accident as narrated by defendant's witnesses rather than upon the version narrated by her own witnesses. It is as follows: Defendant came into the highway from Old Homestead Road, he turned to his right at the intersection and traveled along the highway on his right-hand side of said highway at a moderate rate of speed until he was struck by plaintiff's machine. Plaintiff's automobile was traveling upon the highway approaching the defendant and approaching the intersection of Old Homestead Road at a fast rate of speed. Her husband undertook to overtake and pass a vehicle upon its left-hand side and this brought him upon the left-hand side of the highway. He applied, released and again applied

his brakes, his car marked a ninety-foot trail of rubber on the pavement while it proceeded in a skidding manner toward the point where it collided with defendant's automobile, knocking it over against a stump, then it proceeded thirty or forty feet further and lay down on its left side in the highway where Old Homestead Road crosses it.

It is claimed that defendant should have moved over further to his right and thus have allowed plaintiff's automobile to pass without colliding with defendant.

Defendant on cross-examination testified at one place as follows:

"So then, when Mr. Pearce came over on the left-hand side out of the line of travel, you were 110 feet away from him? Yes.

"Why didn't you turn into the dirt? I never expected him to come over as far as I was.

"You assumed he would pull over that way? Not altogether, but to some extent, I hoped he would go back in line.

"And you never pulled off the road at all? I did.

"But you were partly off at the time, you were half off of it, weren't you? When he struck me, yes.

"Why didn't you pull over altogether and go into the dirt? I felt I had a perfect right to my side of the highway and I was off just as far as I could go."

In another place defendant testified as follows:

"Why didn't you pull out of his way and get into the dirt? I did, I did all that I had a chance to do.

"You said you assumed you had a right on the highway and that is one of the reasons you stayed there? I said I had a right on the highway, yes.

"And that was one of the reasons why you stayed there instead of pulling out? I started to pull out.

"But you said a moment ago that you remained on the highway there because that was your right, and you were on your right side and you had a right there. I don't believe I made that statement.

"Do you withdraw that statement, if you made it? If I made it, I do."

Surveyor Ford testified from measurements on the highway map that there was thirty-five feet from the center of the pavement to the stump beside the road. Appellant

deduces from this testimony that defendant had plenty of space to his right in which to turn out and away from plaintiff's automobile, but the same witness testified that there was not thirty-five feet of traveled roadway between these two points even though there was that much space between them.

■ The evidence shows that plaintiff's automobile skidded sideways into defendant's automobile and, although it shows that defendant saw plaintiff's automobile start to come into the left-hand side of the highway while over one hundred feet distant, there is no evidence pointed out to show that defendant either realized or should have realized from what he saw that plaintiff was in a position of danger from which she could not extricate herself and none is pointed out to show that defendant had sufficient time after this in which to avoid the collision by the exercise of ordinary care.

We conclude, therefore, that the evidence was not of such a character as to make it error for the court to reject requested instructions upon the doctrine of last clear chance.

■ In addition to this is the fact that the only two instructions requested by appellant upon the subject are defective in themselves for failure to include important elements of the doctrine. Requested instruction B did not state that plaintiff's husband must have ceased to have any power of preventing the accident nor that defendant must have thereafter been guilty of negligence in failing to avoid it.

■ Requested instruction C has all the defects pointed out in *Townsend* v. *Butterfield*, 168 Cal. 564 [143 Pac. 760], and in addition it reads ''notwithstanding the negligence of the other'' instead of ''notwithstanding the *previous* negligence of the other''—an important omission considering that without this omission the phrase was held in the case last cited to exclude the case of the concurring negligence of both parties. That a similar instruction despite its several omissions was held not to be reversible error in the case last cited in view of the testimony and other instructions given in that case does not mean that it is reversible error to refuse to give the same imperfect instruction in this case. As stated by the court in that case, the instruction has many imperfections of brevity.

■ The court did not err in refusing instruction D requested by plaintiff. It stated that the defendant had admitted by failure to deny, in his answer that he had driven or was about to drive his automobile across said State Highway along Old Homestead Road. It is true that the answer does not deny the allegation, but the two pleadings are not such that an admission was made as to where or how the collision occurred and evidence was received throughout the trial without objection as though the question of where the collision took place was open to proof. The requested instruction would have been manifestly unfair as it would have had the effect of eliminating all the testimony to the effect that the collision occurred thirty or forty feet from the intersection of the two roads, which testimony was received without objection and without intimation that any such admission would be claimed after the evidence was closed.

■ Appellant criticises instruction XX given by the court. It told the jury in substance that, "if you cannot determine what was the proximate cause of the accident your verdict must be for the defendant." It is said that the proximate cause of the accident might be either defendant's negligence without the assistance of plaintiff's contributory negligence or it might be the defendant's failure to avail himself of the last clear chance; that if the jury felt that it was surely one of these two causes without being able to determine which one of the two was the proximate cause, it could still find for the plaintiff. If we are right in our decision that last clear chance was not in the case under the evidence this instruction is not open to the criticism directed against it by appellant.

■ It was not error for the court to instruct on unavoidable accident at the request of the defendant. *Metcalfe v. Pacific Electric Ry. Co.*, 63 Cal. App. 331 [218 Pac. 486], is not authority for appellant's contention that unavoidable accident must be specially pleaded by defendant. The appellant was plaintiff in that case. He was claiming error in the refusal of the court to give his requested instruction and to meet respondent's reply, he had to contend that the point was material in the case by reason of either the evidence or special pleading. The court holds that it was neither in the evidence nor specially pleaded and so the

instruction could properly be refused. That is to say, so long as defendant did not claim that defense, plaintiff was not entitled to have the jury ·instructed upon it. This is not a holding that this defense must be specially pleaded to be available to the defendant. Because it was not error to refuse it in that case at the request of the plaintiff does not mean that it was error to give it in this case at request of defendant. Here negligence is pleaded in general terms in the complaint. The answer denies it in general terms. The general denial of the general allegation of negligence permits the defendant to rely upon the defense of unavoidable accident. (*Lehnerts* v. *Otis Elevator Co.* (Mo.), 256 S. W. 819, 822; 45 C. J. 1141, note 52.) The instruction was given by request of defendant and we cannot see how it could be harmful to the plaintiff who in any event had the burden of proving that the collision was occasioned solely by the negligence of the plaintiff which, of course, would exclude unavoidable accident.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1929.

All the Justices present concurred.