[Civ. No. 4333.   Third Appellate District.—October 23, 1931.]

JOHN W. GALWAY, Respondent, v. JOHN C. GUGGOLZ, Appellant.

Foltz, Rendon & Wallace for Appellant.

Case & Forslund for Respondent.

PRESTON, P. J.,—Action for damages for personal injuries and property damage. This action is the result of a collision between the automobile driven by plaintiff and the one driven by the defendant. The collision occurred at the intersection of the Sacramento highway and Kettleman Lane in San Joaquin County. Plaintiff and defendant were both injured and both cars damaged. Each claims that the other was negligent and both seek damages. The case was tried before a jury and the following verdict returned:

"We, the jury in the above-entitled action, find for defendant John C. Guggolz upon the complaint herein and for cross-defendant John W. Galway, upon the cross-complaint herein. No damages assessed to either party."

Judgment was regularly entered upon the verdict, and plaintiff, in due time, made a motion for a new trial based upon all the statutory grounds. The court granted a new trial, and in doing so, used this language: "It is hereby ordered that the motion of the plaintiff for a new trial in the above-entitled action be and the same is hereby granted on the grounds of error in law occurring at the trial and excepted to by the plaintiff." From this order the defendant Guggolz prosecutes this appeal.

The learned trial judge, in granting a new trial, was undoubtedly of the opinion that certain erroneous instructions had been given to the jury, which were prejudicial to the rights of the plaintiff.

Before taking up a discussion of certain instructions claimed to be erroneous we deem it proper to make a further brief statement as to the facts: about 12 o'clock noon on the nineteenth day of January, 1930, the plaintiff was driving his Hupmobile automobile north on the protected highway between Stockton and Sacramento; defendant was driving an Oldsmobile westerly on a cross-road, called "Kettleman Lane". Defendant intended to cross the Sacramento highway and continue westerly; there were no obstructions to the vision; each driver could see the other approaching for 1,000 feet or more; the weather was fair and the roads dry; there was a stop sign on "Kettleman Lane" requiring defendant to stop before entering the Sacramento highway upon which plaintiff was traveling. Defendant claims he stopped at the stop sign, plaintiff claims defendant slowed down at the stop sign, and led him to believe that defendant was going to stop, but did not stop. The cars collided near the center of the intersection of the two roads.

The testimony of the plaintiff and that of the defendant is in hopeless conflict, and it will not be necessary to set forth their respective versions of the collision.

The court gave, at the request of the defendant, the following instruction (defendant's instruction No. 2): "When the driver of an automobile upon a public highway intersecting a through highway has stopped before entering such intersection, and the driver observes another automobile approaching at a distance of one hundred or more feet from such intersection, he had a right to assume that said approaching automobile was traveling at a lawful rate of speed, unless he observed the speed was in excess of the lawful speed, and if he did believe the speed was lawful, as a reasonable man from appearances at said time, such driver had a right to enter said intersection without waiting till said approaching automobile had passed."

This instruction is erroneous. First, it is argumentative; second, it is an instruction on the facts and therefore invades the province of the jury; third, it is misleading.

The instruction states that when the driver approaching the through highway observes an automobile approaching at a distance of 100 feet or more, he has a right to assume that such approaching automobile is traveling at a lawful rate of speed, unless he observes otherwise. Forty miles an hour was the lawful speed at the time of this accident on said highway, and at that rate the distance of 100 feet would be covered in two seconds. No careful and prudent person would attempt to start from a stop sign and cross an intersection in front of an oncoming automobile with only a margin of two seconds.

An instruction suggesting to the jury that such an act to be without negligence is clearly erroneous. The evidence shows that the stop sign on Kettleman Lane is 78 feet from the intersection.

The court also gave the jury defendant's instruction No. 4, which states that the driver may lawfully stop "at any point from the stop sign to the property line nearest him of the through highway, provided he has a clear view of the traffic on said through highway in each direction for at least two hundred feet from the intersection".

Under these instructions the jury might well have assumed that it is the law that a driver may stop at a stop sign 78 feet away from the intersection, and if he sees a car approaching on the highway not less than 100 feet away, being driven at a lawful rate of speed, he has a right to assume that he may cross in front of the car on the protected highway.

Suppose the stop sign were 100 feet away, could it be said that the driver stopping at the stop sign would still have the right to enter the intersection if the driver on the through highway were traveling at a lawful rate of speed and only 100 feet away? Certainly not.

Section 131c of the California Vehicle Act provides that the driver of any vehicle who has come to a stop as required by law at the entrance to a through highway shall yield to other vehicles within the intersection or approaching so closely from the left as to constitute an immediate hazard. There is nothing in this section which will justify the court in prescribing in an instruction to the jury the number of feet upon which the driver may rely. That would be a

question for the jury under all the facts and circumstances of the particular case.

Defendant's instruction No. 1 and plaintiff's instruction No. 1 are irreconcilably conflicting. The rule is well settled in this state that where instructions are contradictory in essential particulars, and it is impossible to tell which of the instructions were adopted by the jury in reaching their verdict, a new trial is rightfully granted. (*Buttrick* v. *Pacific Elec. Ry.*, 86 Cal. App. 136 [260 Pac. 588].) Defendant's instruction No. 8 is inapplicable and misleading. Defendant's instruction No. 3 also invades the province of the jury.

All instructions proposed and given have been examined with care, but we deem a further discussion unnecessary. We might add that from a reading of all the instructions we are inclined to the belief that the distinction between the rights and duties of a driver of an automobile upon a *protected* highway and the rights and duties of an automobile driver on an *unprotected* highway was not clearly stated to the jury.

The order granting a new trial is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.