[Civ. No. 11648. Second Appellate District, Division Two.—March 10, 1938.]

BERTHA SITKEI et al., Appellants, v. RALPHS GROCERY COMPANY (a Corporation), Respondent.

Samuel A. Rosenthal, Burton Briggs Crane and Kimball Fletcher, Jr., for Appellants.

Gibson, Dunn & Crutcher and Philip C. Sterry for Respondent.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries received by plaintiff Bertha Sitkei.

Viewing the evidence most favorable to defendant (respondent) the facts are:

October 5, 1935, plaintiff Bertha Sitkei, wife of plaintiff George Sitkei, entered defendant's store in the city of Santa Monica and proceeded to walk down an aisle between the fruit and grocery departments. Mr. McPherson, an employee of defendant, had left a small hand-truck in the passage-way. As he stooped and started to pick up the truck by the handles, plaintiff Mrs. Sitkei, who had been walking down the aisle behind Mr. McPherson, attempted to pass him and, as she did so, a small bolt on the handle of the truck came in contact with her elbow, causing personal injury to her.

The following questions are presented for determination:

*First: Was there substantial evidence to sustain the implied finding of the jury that plaintiff was contributorily negligent?*

*Second: Did the trial judge commit prejudicial error in*

*(a) Making remarks during the course of the trial, and*

*(b) Questioning witnesses?*

*Third: Did the trial court commit prejudicial error in instructing the jury as follows:*

*(a) "It is a presumption of law that both the plaintiff, Mrs. Sitkei, and the employee of the defendant, Ralphs Grocery Company, exercised ordinary care, and in the absence of evidence to the contrary such presumption is sufficient to base a finding that either or both did exercise such care."*

*(b) "An unavoidable accident is one which occurs without fault or negligence upon the part of any of the parties thereto. In this connection I instruct you that if you find from the evidence in this case that the collision between Mrs. Sitkei and said hand-truck was not the result of any fault or carelessness upon the part of either the employee of Ralph's Grocery Company or Mrs. Sitkei then I instruct you that said collision was an unavoidable accident and that plaintiffs cannot recover for the damages, if any, as a result thereof."*

■ The first question must be answered in the affirmative. The law is settled in this jurisdiction that, where different conclusions may be reasonably drawn from the evidence by different minds the trial jury's finding of fact will not be disturbed on appeal. (*Meindersee* v. *Myers,* 188 Cal. 498, 502 [205 Pac. 1078].) The conclusion either that plaintiff Bertha Sitkei's conduct in endeavoring to pass defendant's employee while he was raising the hand-truck was or was not consonant with the acts of a reasonably prudent person may be reasonably drawn from the facts in the present case.

Applying the rule of law above stated, the jury's implied finding that plaintiff did not act as a reasonably prudent person in thus endeavoring to pass him at the time and was therefore contributorily negligent finds substantial support in the evidence and will not be disturbed by this court.

■ The problems presented in the second question will not be considered by this court for the reason that plaintiffs did not lay the proper foundation in the trial court for review here. Unless the harmful result of the alleged misconduct of the trial judge cannot be obviated by appropriate instructions of the trial court, error cannot be predicated in this court on such alleged misconduct in the absence of (a) assignment of such misconduct as error, and (b) a request to the trial court to instruct the jury to disregard it. (*Hughes* v. *Hartman,* 206 Cal. 199, 206 [273 Pac. 560] ; 4 C. J. S. 558, Appeal and Error, sec. 288 (1937) ; 2 Cal. Jur. 281, Appeal and Error, sec. 90 (1921) ; 1 Cal. Jur. Ten-year Supp. 331 (1936).)

In the instant case plaintiffs did not assign the trial judge's alleged misconduct as error, nor did they request him to instruct the jury to disregard such alleged misconduct, although the harm thereof, if any, might well have been obviated by appropriate instructions.

█ The instruction set forth in paragraph (a) of the third question was not prejudicial to plaintiffs. The giving of a similar instruction under like circumstances in *Medeiros* v. *Soares,* 17 Cal. App. (2d) 176, 178 [61 Pac. (2d) 501], was held not to constitute prejudicial error.

█ It was not error to give the instruction set forth in paragraph (b) of the third question. The law is settled that under a general denial by defendant of a general allegation of negligence defendant may rely upon the defense of unavoidable accident and does not waive such defense by failing to specifically plead it (*Pearce* v. *Elbe,* 98 Cal. App. 101, 106 [276 Pac. 389]), and it is proper in such a case for the court upon request to instruct the jury on the doctrine of unavoidable accident. (*Pearce* v. *Elbe,* 98 Cal. App. 101, 105 [276 Pac. 389].)

It appears from an examination of the record that the trial court fully, fairly, and accurately instructed the jury upon all questions of law necessary for their consideration and no prejudicial error appears in the record.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1938.