[Civ. No. 18314. Second Dist., Div. Two. May 10, 1951.]

HENRIETTA WERTHEIM, Appellant, v. JOHN HENRY MEARS, Respondent.

Joseph Lewis for Appellant.

Bauder, Gilbert, Thompson & Kelly for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries, plaintiff appeals.

*Facts:* The evidence being viewed in the light most favorable to defendant (respondent) discloses that defendant was driving on Franklin Avenue in the city of Los Angeles just east of a crosswalk at Vista del Mar; that as he approached the easterly side of the crosswalk he did not observe any person in it; that he was driving at about 15 miles per hour and plaintiff dashed out from the curb and ran into the side of his car while he was in the crosswalk.

*Questions:* First: *Did the court commit prejudicial error in giving the jury an instruction on the doctrine of unavoidable accident?*

*No.* Where as in the instant case there is a general denial by defendant of negligence it is not error for the trial court to instruct the jury on the doctrine of unavoidable accident. (*Jolley* v. *Clemens*, 28 Cal.App.2d 55, 64 [4] et seq. [82 P.2d 51]; *Sitkei* v. *Ralphs Grocery Co.*, 25 Cal.App.2d 294, 297

[4] [77 P.2d 311] ; *Pearce* v. *Elbe,* 98 Cal.App. 101, 105 [6] [276 P. 389].)

*Wilkerson* v. *Brown,* 84 Cal.App.2d 401 [190 P.2d 958], *Eigner* v. *Race,* 54 Cal.App.2d 506 [129 P.2d 444], and *Temple* v. *DeMirjian,* 51 Cal.App.2d 559 [125 P.2d 544], relied on by plaintiff, are not here in point and do not announce a rule contrary to that stated above.

■ Second : *Was the verdict against the weight of the evidence?*

*No.* In view of defendant's testimony that plaintiff ran into the side of his car which was denied by plaintiff, a question of fact arose upon conflicting evidence, the determination of which was for the jury.

Section 2061 of the Code of Civil Procedure reads in part :

"Jury judges of effect of evidence, but to be instructed on certain points. The jury, subject to the control of the court, in the cases specified in this code, are the judges of the effect or value of evidence addressed to them, except when it is declared to be conclusive. . . ."

Section 1844 of the Code of Civil Procedure reads : "One witness sufficient to prove a fact. The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason."

Therefore it is evident that the jury believed defendant's testimony and not plaintiff's. Consequently the verdict of the jury was supported by the evidence.

■ Third : *Did the trial court err in instructing the jury as follows: "The law does not permit you to guess or specu-late as to the cause of the accident in question. If the evidence is equally balanced on the issue of negligence or proximate cause, so that it does not preponderate in favor of the party making the charge, then she has failed to fulfill her burden of proof. To put the matter in another way, if after consider-ing all the evidence, you should find that it is just as probable that either the defendant was not negligent or, if he was, that his negligence was not a proximate cause of the accident, as it is that some negligence on his part was such a cause, then a case against the defendant has not been established"?*

*No.* In view of the fact that defendant was not guilty of negligence as a matter of law the trial court properly gave the foregoing instruction relative to the burden of proof.

■ Fourth : *Did the trial court commit prejudicial error in refusing plaintiff's request to give the following instruc-tion: "At the outset of this trial, each party was entitled to*

*the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof"?*

*No.* In a negligence action an instruction as to the presumption of plaintiff's freedom of contributory negligence should not be given to the jury where the testimony introduced by plaintiff discloses acts and conduct of the injured party immediately prior to or at the time of the accident. (*Speck* v. *Sarver*, 20 Cal.2d 585, 587 [2] [128 P.2d 16].)

In the present case the witnesses testified as to the conduct of plaintiff immediately prior to and at the time of the accident. Hence under the foregoing rule the trial court properly refused to give the requested instruction.

*Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826], is not applicable to the facts of the instant case because in the cited case the injured party was dead, while in the case before us plaintiff was alive and testified as to her conduct prior to and at the time of the accident.

Affirmed.

Moore, P. J., and Wilson, J., concurred.