[Civ. No. 18275.  Second Dist., Div. Two.  Oct. 29, 1951.]

EDWARD D. FAEH, Appellant, v. UNION OIL COMPANY OF CALIFORNIA (a Corporation) et al., Respondents.

Brennan & Cornell and Jerome L. Doff for Appellant.

Bauder, Gilbert, Thompson & Kelly for Respondents.

McCOMB, J.—Plaintiff appeals from (1) a judgment in defendants' favor after trial before a jury in an action to recover damages for personal injuries resulting from an automobile accident, (2) an order denying his motion to correct a notice of intention to move for a new trial *nunc pro tunc*, pursuant to the provisions of section 473 of the Code of Civil Procedure, and (3) there is a purported appeal from the order denying his motion for a new trial.

*Facts:* Viewing the evidence in the light most favorable to defendants (respondents) and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424], the facts are:

Defendant corporation was the owner of an autocar 10-ton tractor and trailer. At about 11 p. m. on March 12, 1948, defendant Coppage was driving the tractor and trailer southerly on Valley Boulevard. At the same time plaintiff was driving a Buick sedan in a northerly direction on a through highway named Mission Road.

Defendant Coppage came to a complete stop at the intersection of the two highways in compliance with a stop sign on Valley Boulevard. He intended to make a left hand turn onto Mission Road and continue in a southerly direction. When he stopped he observed the lights of plaintiff's car about 300 feet easterly of the intersection and believing that he had ample opportunity to cross into the intersection before plaintiff's car entered it he proceeded at about 5 miles per hour.

He then glanced to the right and observed that the traffic was clear, and then looked to the left and saw plaintiff's automobile approximately 60 feet away and in the lane of traffic nearest the easterly curb. After observing plaintiff's car the second time defendant Coppage applied his brakes when he was about 10 feet into the intersection and stopped within 32 inches. The automobile which plaintiff was driving struck the inside front wheel of defendants' truck moving it 3 feet sideways. The impact caused plaintiff serious personal injuries.

A police officer testified he wrote on the police report that the sobriety of plaintiff was unknown, but that he detected the odor of alcohol on plaintiff's breath.

■ *Questions:* First: *Did the trial court commit prejudicial error in giving three instructions concerning the same subject, to wit, whether defendants' vehicle entered the intersection when plaintiff's vehicle was on a through highway and constituted an immediate hazard?*

*No.* The jury was properly instructed that even though the propositions governing defendant's conduct were stated in various ways neither the repetition of instructions nor any other behavior on the part of the judge in delivering the charge was meant to indicate in one way or another what he thought of the controversy.

Clearly the mere repetition of instructions upon the same subject in view of the trial judge's admonition did not consti-

166

tute prejudicial error. (*Rios* v. *Bennett*, 88 Cal.App.2d 919, 925 [200 P.2d 73].)

Neither *Taha* v. *Finegold*, 81 Cal.App.2d 536 [184 P.2d 533], nor *Treadwell* v. *Nickel*, 194 Cal. 243 [228 P. 25], reach a contrary conclusion. In the Taha case 16 instructions, almost duplicates, were given; 11 formula instructions, the cumulative effect of which, with other circumstances, induced the jury to return a verdict for plaintiff. Such is not the situation here.

In the Treadwell case it is said, "Instructions which are framed solely for the purpose of and which simply have the effect of emphasizing some particular portion of the evidence are not to be commended, and are properly refused." (*Treadwell* v. *Nickel, supra*, p. 262.)

Such proposition of law has no application to the facts of the instant case.

Second: *Did the trial court err in instructing the jury as hereinafter set forth?*

This question must be answered in the negative.

1. "You are instructed that while it is true that section 552 of the California Vehicle Code requires the driver of a vehicle about to enter a through highway to yield the right of way to vehicles on the through highway which are in the intersection or so close thereto as to constitute an immediate hazard, that this does not mean that such driver has no right to enter the through highway when there is any *possibility* of an accident happening, nor does it mean that such driver about to enter such through highway is an insurer of the safety of motorists approaching on said highway. His obligation in that connection is to exercise such care and caution in entering the intersection as might be expected of the reasonably prudent person surrounded by the same or similar circumstances." (Italics added.)

Plaintiff criticizes the use of the word "possibility" in lieu of the word "probability" in the foregoing instruction. Though it would have been better to use the word "probability" instead of "possibility" such artlessness in the framing of an instruction does not constitute ground for reversal. (*Musante* v. *Guerrini*, 125 Cal.App. 556, 561 [5] [13 P.2d 965].)

*Galway* v. *Guggolz*, 117 Cal.App. 639 [4 P.2d 290], and *Buttrick* v. *Pacific Elec. Ry. Co.*, 86 Cal.App. 136 [260 P. 588], relied on by plaintiff, are not here applicable for the court in each of the cited cases did not criticize the instructions because

they were inartfully drawn but because they were erroneous. The facts are different in the instant case.

■ 2. "You are instructed in determining the question of whether or not the defendant Coppage entered the intersection when plaintiff's vehicle constituted an immediate hazard, that Coppage had the right to assume, until the contrary was apparent to a reasonable person, that vehicles on the through highway, including the plaintiff, would be driven at a reasonable and prudent rate of speed, and had a right to assume that motorists on the through highway, including the plaintiff, would operate their vehicles in a careful and prudent manner and that he had a further right to act and rely on such assumption."

Plaintiff makes certain criticisms of this instruction, principally, (1) that after the word "intersection" there should have been added the words "of the through highway," (2) that there should have been added to "plaintiff's vehicle" the words "was so near thereto," and (3) that the instruction refers to a "reasonable" person instead of to a "prudent" person.

These criticisms are hypertechnical. There is no showing of any prejudice resulting to plaintiff which would justify the reversal of the judgment. (See cases cited in 3A McKinney's New Cal. Digest (1950), Appeal and Error, §§ 1636-1637, p. 217 et seq.) This is especially true since five instructions were given in which the judge used the term "prudent person."

3. "In law we recognize what is termed an unavoidable or inevitable accident. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it."

■ Where, as in the instant case, there is a general denial by defendant of negligence it is not error for the trial court to instruct the jury on the doctrine of unavoidable accident. (*Wertheim* v. *Mears*, 104 Cal.App.2d 120, 121 [1] [231 P.2d 89]. See, also, cases cited in 17 McKinney's New Cal.Dig. (1950), Negligence, § 190, p. 550.) There was no prejudice in such instruction.

Third: *Did the trial court commit prejudicial error in refusing at plaintiff's request to instruct the jury as hereinafter set forth?*

This question must be answered in the negative.

1. "Plaintiff Edward Faeh under the evidence is entitled to a presumption of law that every person takes ordinary care of his own concerns and that he obeys the law. This presumption is a form of evidence and will support findings in accordance therewith. When there is evidence to the contrary which conflicts with that presumption it is your duty as jurors to weigh that evidence against the presumption and any evidence that may support the presumption to determine which, if either, preponderates."

The substance of such instruction was covered by the following instruction given at the request of plaintiff:

"At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of *prima facie* evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption, it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof."

2. "The words just quoted from the Vehicle Code, namely, that 'No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety,' do not mean that the driver of a motor vehicle, before making such a turn, must know that there is absolutely no possibility of accident. They mean that before starting to turn a vehicle on a public highway, and while making the turn, the driver of the vehicle must use such precaution as would satisfy a reasonably prudent person, acting under similar circumstances, that the turn can be made safely."

There was no error in refusing to give the foregoing instruction for the reason that the instruction commenced, "The words just quoted from the Vehicle Code." The quotation which then follows is a part of section 544 of the Vehicle Code and the instruction is an explanation of section 544. However plaintiff did not request that section 544 of the Vehicle Code

be read to the jury nor did the court do so, hence no explanation of the section was required. The instruction being incomplete and merely an explanation of a hypothetical instruction which was not given the requested instruction was meaningless and properly refused by the trial court. (*Bertolozzi* v. *Progressive Concrete Co.*, 95 Cal.App.2d 332, 337 [7] [212 P.2d 910].)

Fourth: *Did the trial court commit prejudicial error in denying plaintiff's motion to correct the notice of intention to move for a new trial nunc pro tunc under the provisions of section 473 of the Code of Civil Procedure?*

*No.* Plaintiff complains he was not allowed after the ten days for the filing of a notice of intention to move for a new trial had elapsed, to amend that notice *nunc pro tunc* to include therein as a ground for his motion "newly discovered evidence."

█ A defective notice of intention to move for new trial cannot be amended after expiration of the statutory time for its filing, such an order being beyond the jurisdiction of the trial court. (*Sitkei* v. *Frimel*, 85 Cal.App.2d 335, 337 [2] [192 P.2d 820]. See, also, cases cited in 18 McKinney's New Cal.Dig., (1932), New Trial, § 150, p. 22.)

Cases such as *Pollitz* v. *Wickersham*, 150 Cal. 238 [88 P. 911], and *Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 479 [82 P. 53], relied on by plaintiff, are no longer the law since such cases refer to the former practice on a motion for a new trial when the motion could be presented upon a statement or bill of exceptions. *They do not refer to the initiatory steps which vest the court with jurisdiction*, but to the preparation of a record which may be used to decide the new trial.

█ The court is entitled, after jurisdiction is vested, to give relief for failure to perform subsequent steps relating to affidavits to be used on the motion for a new trial, but it has no power to enlarge its jurisdiction by relief under section 473 concerning the notice of intention to move for a new trial after the lapse of the required time.

Fifth: *May the court on appeal correct a wrong accomplished by fraud due to untrue statements made at the time of trial by defendant?*

It is unnecessary for us to consider this question presented by plaintiff since in view of our answer to question Fourth, there is no evidence in the record that defendant made any false statements.

■ Sixth: *Was there sufficient evidence to support the judgment?*

*Yes.* Beyond the mere assertion by plaintiff that the evidence failed to disclose any evidence upon which the defendant could have prevailed he does not furnish us with either authorities or argument in support of such contention.

Therefore plaintiff has not met the requirements of the established rule that it is the duty of an appellant, contending that the evidence does not support a finding, to point out is his brief wherein the evidence is insufficient. (*Metzenbaum* v. *Metzenbaum,* 96 Cal.App.2d 197, 201 [214 P.2d 603]; *Lori, Ltd.* v. *Wolfe,* 85 Cal.App.2d 54, 66 [192 P.2d 112].)

It is apparent from the facts above stated the jury may have found either (1) the accident was unavoidable, or (2) plaintiff was intoxicated and driving at an excessive rate of speed which was the proximate cause of the accident. In either case he could not recover.

1. The judgment is affirmed.

2. The order denying the motion to correct the notice of intention to move for a new trial is affirmed.

3. The purported appeal from the order denying the motion for a new trial is dismissed.

Moore, P. J., concurred.

A petition for a rehearing was denied November 14, 1951, and appellant's petition for a hearing by the Supreme Court was denied December 20, 1951. Carter, J., voted for a hearing.